UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62706-CIV-ZLOCH

TCA GLOBAL CREDIT MASTER
FUND, L.P.,

      Plaintiff,

vs.                                **FINAL ORDER OF DISMISSAL**

MILLENNIUM HEALTHCARE, INC.,
et al.,

      Defendants.
_____/

      THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises. In its Complaint (DE 1), Plaintiff TCA Global Credit Master Fund, L.P., notes that the Court's jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

      Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." The dictates of § 1332 keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. As Justice Stone stated in reference to § 1332 in Healy v. Ratta, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence

of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

These dictates stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3602 (1984 & Supp. 2007).

A review of the Complaint (DE 1) reveals that the requisite diversity of citizenship is not apparent on its face. It states, in relevant part:

> 2. Pursuant to 28 U.S.C. § 1332(a)(2), this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between Plaintiff TCA Fund, a citizen of a foreign state (the Cayman Islands), on the one hand, and the Defendants, Millennium, a citizen of a State (Delaware), and its Guarantor Subsidiaries, each a citizen of a State (New York), on the other.
>
> 3. At all relevant times, TCA Fund was formed in the Cayman Islands, a foreign state, is sui juris, and maintained

>    its principal place of business in the Cayman Islands. Plaintiff TCA Fund, is therefore, a citizen of a foreign state within the meaning of 28 U.S.C. § 1332(a)(2).
> 
> 7.  At all relevant times, Defendant Millennium Medical Devices LLC was a citizen of the state of New York with its principal place of business in New York.
> 
> 9.  At all relevant times, Defendant Millennium Vascular Management Group Of Staten Island LLC was a citizen of the state of New York with its principal place of business in New York.

DE ¶¶ 2, 3 (in relevant part), 7, & 9.  The Complaint fails to sufficiently allege the citizenship of either the aforementioned Defendants or Plaintiff to determine whether it has jurisdiction over the above-styled cause.

As to Defendants Millennium Medical Devices, LLC, and Millennium Vascular Management Group of Staten Island, LLC, the Court notes that "[a] limited liability company is a citizen of any state of which a member of the company is a citizen."  <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).  With regard to Plaintiff TCA Global Credit Master Fund, L.P., it is well-settled that a limited partnership, for the purposes of diversity jurisdiction, "is a citizen of each state in which any of its partners, limited or general, are citizens."  <u>Id.</u>, at 1021 (<u>citing</u> <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96 (1990).  While Plaintiff aptly recites the requirements of § 1332 regarding the citizenship of corporations, the Complaint lacks allegations regarding the citizenship of all members of

aforementioned Defendants and the partners, limited or general, of Plaintiff. Therefore, because Plaintiff has failed to properly allege the citizenship of all Parties, it has not met the initial burden of establishing this Court's jurisdiction over the above-styled cause.

In dismissing the above-styled cause due to Plaintiff's failure to satisfy the requirements of federal jurisdiction, the Court echoes the sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds. Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **DISMISSED**

4

without prejudice in that the Court lacks subject matter jurisdiction over the same; and

    2. To the extent not otherwise disposed of herein, all pending Motions be and the same are hereby **DENIED** as moot.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   23rd   day of December, 2013.

                                               WILLIAM J. ZLOCH
                                               United States District Judge

Copies furnished:

All Counsel of Record